CITIZENS ALERT REGARDING THE
ENVIRONMENT and David
Kurtz, Appellants,

v.

ENVIRONMENTAL PROTECTION
AGENCY, et al., Appellees.

No. 03–5159.

United States Court of Appeals,
District of Columbia Circuit.

June 15, 2004.

Enrico G. Nardone, Law Office of Enrico G. Nardone, Babylon, NY, David Kurtz, Lake Ariel, PA, for Plaintiffs–Appellants.

Mark R. Haag, Lisa Elizabeth Jones, Susan L. Pacholski, Attorney, U.S. Department of Justice, Washington, DC, Joseph S. Cigan, III, PA Department of Environmental Protection, Office of Chief Counsel, Wilkes–Barre, PA, Kimberly A. Hummel, Attorney General's Office of State of Pennsylvania, Harrisburg, PA, John E. Childe, Law Office of John E. Childe, Jr., Palmyra, PA, Stephen William Saunders, Kreder Brooks Hailstone, Scranton, PA, for Defendants–Appellees.

Before: GINSBURG, Chief Judge, and HENDERSON and ROGERS, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and arguments of counsel. It is

**ORDERED AND ADJUDGED** that CARE's claims against EPA, the Pennsylvania Department of Environmental Protection, and the Pennsylvania Infrastructure Development Authority are dismissed, and the judgment in favor of Jefferson Township, Jefferson Township Sewer Authority, and the Lackawanna River Basin Sewer Authority is affirmed.

Citizens Alert Regarding the Environment ("CARE") and pro se appellant David Kurtz appeal an order of the district court denying declaratory and injunctive relief against construction of a sewer line in Jefferson Township, Pennsylvania, on the basis that the project failed to comply with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq. (2004). Citizens Alert Reg. the Environ. v. U.S. EPA, 259 F.Supp.2d 9 (D.D.C.2003).

■ First, as to EPA, appellants' primary challenge relates to EPA's supposed failure to review the environmental impact of the Jefferson Township sewer project, as required by 42 U.S.C. § 4332, where EPA is contemplating a direct grant of $1.7 million to the Township to partially fund the sewer line and has consulted with the Township during the planning process. EPA is currently conducting the review required by NEPA in association with the proposed grant, and has issued proposed findings, but has not yet made a final determination as to the environmental effects of the sewer line, or on whether to award the grant. Until EPA completes its review and reaches a decision, there has been no final agency action within the meaning of 5 U.S.C. § 704 (2004) and the matter is not ripe for judicial review. Cf. Coalition for Underground Expansion v. Mineta, 333 F.3d 193 (D.C.Cir.2003).

■ Appellants' second claim against EPA is that it acted arbitrarily and capriciously in approving Pennsylvania's program for disbursing its state revolving funds, provided in large part by EPA grants, to individual wastewater disposal projects, such as the $11 million grant that is the primary source of funding for the Jefferson Township sewer. EPA approved the environmental review process Pennsylvania uses in connection with its state revolving fund in 1991, and nothing suggests that the program has changed since then. Under the six-year statute of limitations for actions against the United States, 28 U.S.C. § 2401(a) (2004), any fa-

cial challenge to EPA's approval of Pennsylvania's environmental review process is time-barred. Absent any showing that EPA had substantial control over the individual state grant to the Township, any as-applied challenge to the adequacy of the Pennsylvania Department of Environmental Protection's review of the Jefferson Township sewer presents a question of state law and not a federal claim.

■ Second, CARE has also sued the Pennsylvania Department of Environmental Protection and the Pennsylvania Infrastructure Development Authority, which, respectively, conducted the state environmental review and appropriated the majority of the funds for the Jefferson Township sewer line. As CARE has sued these state agencies directly rather than pursuing its claim for injunctive and declaratory relief against individual state officers, the Eleventh Amendment deprives the court of jurisdiction as there is no indication that Congress has abrogated, or the state waived, sovereign immunity towards suits of this kind. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

■ CARE's remaining claim is its request for injunctive relief against Jefferson Township, Jefferson Township Sewer Authority, and the Lackawanna River Basin Sewer Authority. Nonfederal participants in federal actions need not themselves comply with NEPA, *see Macht v. Skinner,* 916 F.2d 13, 18 (D.C.Cir.1990). There is, however, some precedent for enjoining nonfederal actors from participating in major federal actions until the relevant federal actors have met their obligations under NEPA. *See, e.g., Sierra Club v. Hodel,* 544 F.2d 1036 (9th Cir.1976); *Don't Ruin Our Park v. Stone,* 749 F.Supp. 1386, 1387–88 (M.D.Pa.1990); *La Raza Unida v. Volpe,* 337 F.Supp. 221 (N.D.Cal.1971); *cf. Biderman v. Morton,* 497 F.2d 1141, 1147 (2nd Cir.1974). But this arises only where "the federal participation in the project is so substantial that the state should not be allowed to go forward until all the federal approvals have been granted in accordance with NEPA." *Macht v. Skinner,* 916 F.2d at 18–19. Here, by contrast, there is no legal impediment to the municipal defendants' construction of the sewer line without federal involvement or approval: if EPA's environmental review were to conclude that the project should not be funded due to adverse environmental impacts, and to deny the requested grant, such a finding would not impede the legality of the sewer line. Nor, as the district court properly found, would there be any factual impediment: the federal funds subject to NEPA requirements amount to only $1.7 million of a $15 million project, and the Township will construct the sewer line with or without them. 259 F.Supp.2d at 21–22. While the Township arguably jeopardizes its federal funding by proceeding with construction before EPA has reached a decision on the grant request, because this course of action limits the Township's ability to make alterations to the project that might be necessary to secure EPA's approval, nothing in NEPA prevents the Township from taking that risk.

Appellant Kurtz's reliance on *Ross v. FHA,* 162 F.3d 1046 (10th Cir.1998), as well as CARE's reliance on *Named Individual Members of San Antonio Conservation Society v. Texas Highway Department,* 446 F.2d 1013 (5th Cir.1971), is misplaced; both cases stand merely for the proposition that a major federal action may not be improperly segmented into federal and non-federal portions so as to avoid NEPA review of the whole. Nothing of the sort has occurred here: EPA's ongoing NEPA review encompasses the entire sewer line, and unlike in the

cases appellants cite, federal approval is not a legal prerequisite to construction.

Accordingly, we dismiss the claims against EPA and the state defendants in part for lack of jurisdiction and in part on the merits, and affirm the district court's grant of summary judgment in favor of the municipal defendants.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.